# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY EARL DOWNS,

    Petitioner,

vs.

HOWARD SKOLNIK, et al.,

    Respondents.

Case No. 2:09-CV-01891-PMP-(PAL)

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), respondents' motion to dismiss (#13), petitioner's opposition (#20), and respondents' reply (#21). The court finds that the petition is untimely, and the court grants the motion to dismiss.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

This petition arises out of a disciplinary proceeding in prison. Petitioner was sanctioned on March 6, 2006. Petitioner appealed through the grievance process, and that process concluded on June 7, 2006, when he received the second-level grievance response. Ex. 1 (#14). Petitioner then filed a state habeas corpus petition on November 1, 2006.[1] Id. The state district court denied the petition on December 10, 2007. Ex. 17 (#14). On December 18, 2007, Petitioner filed a motion to alter or amend the judgment pursuant to Rule 59 of the Nevada Rules of Civil Procedure. Ex. 19 (#14). The state district court denied the motion on February 1, 2008. Ex. 23 (#14). Petitioner filed a notice of appeal on March 3, 2008. Ex. 25 (#14). On September 12, 2008, the Nevada Supreme Court dismissed the appeal as untimely, because petitioner did not file his notice of appeal within thirty (30) days from the written notice of entry of the order denying the petition, as required by Nev. Rev. Stat. § 34.575(1). Ex. 30 (#14). The Nevada Supreme Court denied rehearing on November 14, 2008. Ex. 31 (#14). Remittitur issued on December 9, 2008. Ex. 32 (#14). Petitioner then mailed his federal habeas corpus petition (#1) on September 24, 2009.

---

[1] Respondents use October 6, 2006, as the date of filing, based upon when petitioner certified that he mailed the petition. The federal period of limitation is tolled pursuant to 28 U.S.C. § 2244(d)(2) when a state post-conviction petition is properly filed. The Nevada Supreme Court has held that a post-conviction petition is not properly filed when it is mailed, but when it is received by the court. Gonzales v. State, 53 P.3d 901, 903-04 (Nev. 2002). Therefore, the court will use the November 1, 2006, as the date of filing, because that is when it was stamped as received by the state court.

1    The parties disagree over when the federal period of limitation was tolled pursuant to 28 U.S.C. § 2244(d)(2). The court finds respondents' argument to be persuasive. Respondents correctly note that a motion to alter or amend the judgment pursuant to Rule 59 of the Nevada Rules of Civil Procedure does not toll the time to appeal the denial of a state habeas corpus petition. See Klein v. Warden, 43 P.3d 1029, 1032-33 (Nev. 2002). Consequently, petitioner's time to appeal the denial of his state habeas corpus petition expired on January 9, 2008. See Nev. Rev. Stat. § 34.575(1). Because petitioner's subsequent appeal was untimely, it was not properly filed for the purposes of 28 U.S.C. § 2244(d)(2) and thus did not toll the period of limitation. Pace, 544 U.S. at 417.

    The court is not persuaded by petitioner's argument that Klein should bar him from relief. He argues that the Nevada Supreme Court did not cite Klein when it dismissed his appeal and denied rehearing, and he also argues that Klein is too vague and ambiguous. Petitioner has confused procedural default with timeliness. In procedural default, a federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). However, it is the federal statute of limitation, not state law, that bars petitioner from relief. The procedural-default analysis is unnecessary for whether a state habeas corpus petition tolls the federal period of limitation: "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). Because the Nevada Supreme Court determined that the appeal from the denial of the state habeas corpus petition was untimely, it does not toll the period of limitation pursuant to § 2244(d)(2).

    Following respondents' argument, the petition (#1) is untimely. The period of limitation began to run on June 7, 2006, when petitioner received notice that his grievances had been denied. One hundred forty-seven (147) days later, on November 1, 2006, petitioner filed his state habeas corpus petition, and the period of limitation was tolled. The period of limitation resumed after January 9, 2008, when the time expired to appeal from the denial of state habeas corpus petition. Six hundred twenty-four (624) days later, on September 24, 2009, petitioner

mailed his federal habeas corpus petition (#1). A total of seven hundred seventy-one (771) non-tolled days have passed, and that exceeds the one-year period of limitation.

Even if the court were to follow petitioner's argument, the petition (#1) still would be untimely. As with respondents' argument, one hundred forty-seven (147) days passed between the end of the grievance process and the filing of the state habeas corpus petition. Under petitioner's argument, the period of limitation would have resumed after December 9, 2008, when the Nevada Supreme Court issued its remittitur. Two hundred eighty-nine (289) days later, on September 24, 2009, petitioner mailed his federal habeas corpus petition (#1). A total of four hundred thirty-six (436) non-tolled days would have passed under petitioner's argument, and that time still exceeds the one-year period of limitation.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

Respondents also argue that petitioner has not exhausted his available remedies in state court and that the petition is procedurally defaulted. The court will not address these arguments because it is dismissing the action as untimely.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#13) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: October 5, 2010.

_____
PHILIP M. PRO
United States District Judge